**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICK SWENIE | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT FOR VIOLATION OF |
| City of Chicago, Chicago Police Sergeant | ) | CIVIL RIGHTS |
| Shawn Rellinger, Star no. 1141, Chicago | ) | |
| Police Officer Albert Williams, Star no. | ) | |
| 7912, and an Unknown Chicago Police | ) | **JURY DEMANDED** |
| Officer | ) | |
| | ) | |
| Defendants. | | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Patrick Swenie ("Swenie") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant Chicago Police Sergeant Shawn Rellinger, Star no. 1141, ("Rellinger") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Defendant Chicago Police Officer Albert Williams, Star no. 7912, ("Williams") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, Unknown Chicago Police Officer ("Unknown Officer") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity. Photographs of Unknown Officer are attached hereto as exhibits. Upon discovery of Unknown Officer's identity Plaintiff will amend the complaint to allege his name.

7. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

8. On or about August 16, 2016, Plaintiff was lawfully located on a public sidewalk, near the intersection of West Schreiber Avenue and North Paulina Street, in the City of Chicago, County of Cook, State of Illinois.

9. On that day and place Unknown Officer approached Plaintiff in what appeared to be a personal vehicle, by bringing his vehicle to a stop in the middle of an intersection in a manner that would block vehicles seeking to drive through the intersection, exited his vehicle, and seized Plaintiff's person without legal cause.

10. On that date and place the vehicle operated by Unknown Officer was displaying an Illinois license plate that read " NAGED 1."

11. After Unknown Officer seized Plaintiff's person Officer Williams approached Plaintiff and observed all of the actions and statements of Unknown Officer and Plaintiff.

12. After seizing Plaintiff's person Unknown Officer made comments suggesting that he is a Chicago Police Officer.

13. After seizing Plaintiff's person Unknown Officer searched Plaintiff's person and property, including a digital camera, and removed the memory card from inside the digital camera.

14. There was no legal cause for Unknown Officer to search Plaintiff's property.

15. Officer Williams could have stopped the seizure and search of Plaintiff by Unknown Officer but did not attempt to intervene so as to stop the violation of Plaintiff's civil rights.

16. Unknown Officer retained possession of the memory card he removed from Plaintiff's digital camera. Plaintiff repeatedly requested that Unknown Officer return the memory card as he walked away from Plaintiff. Unknown Officer ignored these requests.

17. Officer Williams was present when Unknown Officer ignored Plaintiff's requests that Plaintiff return his property and did nothing to intervene so as to prevent the unlawful seizure of Plaintiff's property when Unknown Officer walked away from Plaintiff. Officer Williams remained with Plaintiff while Unknown Officer walked away onto the middle of West Schreiber Avenue and began speaking with Sgt. Rellinger who had approached the area in a marked Chicago Police Department vehicle.

18. When Plaintiff saw Uknown Officer speaking with Sgt. Rellinger Plaintiff specifically asked that Sgt. Rellinger stop Unknown Officer from leaving with Plaintiff's property. Sgt. Rellinger ignored this request.

19. After speaking with Sgt. Rellinger Unknown Officer left the area with Plaintiff's property still in his possession.

20. Neither Officer Williams nor Sgt. Rellinger made any attempt to stop Unknown Officer from leaving the scene with Plaintiff's property.

21. Sgt. Rellinger then exited his Chicago Police Department vehicle, approached Plailntiff, repeatedly informed Plaintiff that he was not free to leave, and thereby seized Plaintiff's person.

22. There was no legal basis for Sgt. Rellinger to seize Plaintiff.

23. Officer Williams participated in Sgt. Rellinger's seizure of Plaintiff despite knowing that there was no legal cause for Sgt. Rellinger to seize Plaintiff.

24. During the seizure Plaintiff repeatedly requested that Sgt. Rellinger identify Unknown Officer.

25. Sgt. Rellinger indicated that he knew the identity of Unknown Officer but repeatedly refused to provide that information to Plaintiff.

26. Ultimately, after unlawfully seizing Plaintiff, Sgt. Rellinger and Officer Williams released Plaintiff without charging him with any crime.

27. Plaintiff's personal property, the memory card, was never returned to Plaintiff.

28. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

29. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

30. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff against Sgt. Rellinger, Officer Williams, and Unknown Officer for UNREASONABLE SEIZURE

31. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty (30) hereat as though fully set forth at this place.

32. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

33. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) the seizure and search of Plaintiff's person; (2) the search of Plaintiff's property; and (3) the seizure, removal, and retention of Plaintiff's personal property was not authorized by law. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants, and each of them, in their individual capacity, is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff Against Sgt. Rellinger For SUPERVISOR LIABILITY

34. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty (30) hereat as though fully alleged at this place.

35. Sgt. Rellinger was at all times a Sergeant supervising the activities of Defendants Williams and Unknown Officer.

36. Sgt. Rellinger knew that Williams and Unknown Officer had no legal cause to seize Plaintiff's person and/or property.

37. Sgt. Rellinger approved, assisted, condoned and/or purposely ignored the unlawful seizure of Plaintiff's person and/or property that violated the Fourth and/or Fourteenth Amendments of the Constitution of the United States rights of citizens.

38. Sgt. Rellinger's acts and omissions were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Rellinger, in his individual capacity, is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
## Plaintiff Against Williams and Rellinger for
## FAILURE TO INTERVENE

39. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty (30) hereat as though fully set forth at this place.

40. Unknown Officer seized and searched Plaintiff's person and property.

41. There was no legal cause for Unknown Officer to seize or search Plaintiff's person or propety.

42. Officer Williams and Sgt. Rellinger each had the ability and opportunity to stop Unknown Officer from unlawfully searching and/or seizing Plaintiff's person and/or property but failed to do so.

43. By reason of these acts and/or omissions by Officer Williams and Sgt. Rellinger, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

6

44. The seizure and/or search of Plaintiff's person and/or property was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth Amendment Rights. Therefore, Defendants, and each of them, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT IV
### Plaintiff Against Unknown Officer and The City of Chicago For The Supplemental Claim of CONVERSION

45. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty (30) hereat as though fully set forth at this place.

46. Unknown Officer wrongfully and without legal authority took control and/or possession of Plaintiffs' personal property – a memory card.

47. At all relevant times Plaintiff had, and continues to have, an absolute and unconditional right to immediate possession of the memory card.

48. Unknown Officer refused to comply with Plaintiff's demand that the property be returned to Plaintiff.

49. As a result of the foregoing, Plaintiff has sustained damage.

50. The City of Chicago is liable to Plaintiffs for the acts of Unknown Officer pursuant to the doctrine of *respondeat superior*.

51. Therefore, Unknown Officer and the City of Chicago are liable under the supplemental state law claim of conversion.

## COUNT VI
### Plaintiff Against Unknown Officer and The City of Chicago For
### The Supplemental Claim of
### REPELVIN and DECLARATORY RELIEF

52. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty (30) hereat as though fully set forth at this place.

53. This count is brought pursuant to 735 ILCS 5/19-101 *et seq.* for Plaintiff to obtain possession of the memory card, and pursuant to 28 U.S.C. § 2201 for declaration of the validity and priority of the parties' competing interests in the digital memory card.

54. Plaintiff's interest in and right to possess the memory card is superior to each Defendant's alleged interest and right to possess the memory card.

55. Plaintiff is the lawful and sole owner of the memory card.

56. Plaintiff has an absolute and unconditional right to immediate possession of the memory card.

57. Plaintiff has requested that the memory card be returned, but these requests have been wrongfully denied.

58. Plaintiff is prepared to post a bond of double the value of the memory card, or such lesser amount as this Court requires, to adequately protect any one or more of the Defendants' asserted interest in the digital memory card.

59. Plaintiff requests that this Court enter judgment in his favor and against Defendants:

        a. declaring Plaintiff's interest in the memory card and right to its

        possession are superior to any of the Defendants; and

      b. entering an Order of Replevin directing the U.S. Marshall to collect the digital memory card and deliver it to Plaintiff.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That Defendants be ordered to return all property removed from Plaintiff's possession;

6. That Defendants be ordered to return Plaintiff's memory card that was removed from Plaintiff's possession;

7. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

8. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY:    s/Garrett Browne

      ED FOX & ASSOCIATES, Ltd.
      Attorneys for Plaintiffs
      300 West Adams
      Suite 330
      Chicago, Illinois 60606
      (312) 345-8877
      gbrowne@efoxlaw.com

9

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        BY:    <u>s/Garrett Browne</u>

        ED FOX & ASSOCIATES, Ltd.
        Attorneys for Plaintiffs
        300 West Adams
        Suite 330
        Chicago, Illinois 60606
        (312) 345-8877
        gbrowne@efoxlaw.com